UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| PAMELA J. YOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14-CV-108 |
| | ) |
| MIDLAND FUNDING, LLC, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and Telephone Consumer Protection Act ("TCPA"), 74 U.S.C. § 227 *et seq*., case is before the Court on what are essentially cross motions for summary judgment, [Docs. 36 and 40].[1] Defendant Finkelstein, Kern, Steinberg & Cunningham, P.C. ("FKSC") assert two main arguments and several ancillary ones. FKSC argues that the FDCPA claims fail because the collection call placed to plaintiff's employer was not a "communication" under the Act. For the reasons below, this Court agrees with FKSC. Regarding the TCPA allegations, the defendant claims those fail because the plaintiff was not charged for the collection calls placed to plaintiff's cellular telephone. The Court disagrees with this argument. The other arguments are also discussed

---

[1] There is also a pending "Motion to Allow Physical Filing of Exhibit," [Doc. 39], specifically, the recording of a telephone conversation. That motion is DENIED AS MOOT, for a transcript of this call is included in the record.
In addition, on January 21, 2015, the plaintiff and Defendant Midland Funding, LLC filed a Stipulation of Dismissal with Prejudice leaving only Defendants FKSC and Defendant Beth Doe. This Stipulation eliminated claims asserted in the Complaint which only applied to Midland Funding, LLC. According to the record, Ms. Doe, who is an alleged agent of FKSC and who the summary judgment motion filings identify as Ms. Keirsey, has never been served. As such, the case against her is DISMISSED pursuant to Federal Rule of Civil Procedure 4(m). Accordingly, the plaintiff's Motion for "Partial" Summary Judgment in actuality addresses all remaining claims against the only remaining defendant, FKSC. Since FKSC's motion addresses all claims asserted against it, the Court is essentially deciding cross motions for summary judgment. This Memorandum Opinion will be organized as such.

below. For the reasons that follow, both motions will be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

In short, this case involves a message left with plaintiff's employer and six telephone calls placed to plaintiff's cellular telephone from FKSC. The plaintiff consumer defaulted on a debt, and FKSC, a debt collector, attempted to collect this debt, *see* 15 U.S.C. §§ 1692a(3), (5) and (6). In so doing, on December 13, 2013, FKSC placed a call to plaintiff's employer. The exchange was as follows:

> Yount Employer: (answering call) Hamblen County Schools.
> FKSC: Yes, ma'am, I'm trying to reach Pamela Yount, please.
> Yount Employer: I don't have a Pamela Yount here at the central office.
> FKSC: Okay, um, do you know her at all, by any chance?
> Yount Employer: I can put you to personnel. Hold on just a moment.
> FKSC: Thank you.
> Yount Employer: Personnel, federal programs.
> FKSC: Uh, yes sir, um, this is Beth, I'm with Finkelstein Kern Steinberg &
> Cunningham, attorneys in Knoxville.
> Yount Employer: Uh huh.
> FKSC: On a quality recorded line. I'm trying to reach Pamela Yount, Y-O-U-N-T.
> Yount Employer: Uh huh. Uh, well she is not at this location, and, but, however, I can, I can, have her, I can, uh, if you leave me your contact information.
> FKSC: I can.
> Yount Employer: I can, I can, I can send her a message.
> FKSC: Okay, would be great. Let me leave you a number please sir.
> Yount Employer: Alright, let me see here. Alright, what's, uh.
> FKSC: Okay, the number is 1 888 (ok) 200 (ok) 6501.
> Yount Employer: 6501. Okay.
> FKSC: It's extension 202 (ok). My name is Beth – B-E-T-H.
> Yount Employer: And who are you with again, Beth?
> FKSC: Uh, Finkelstein, Kern . . . .
> Yount Employer: How do you spell that?

2

> FKSC: It's F-I-N-K (F-I-N) K-E-L (E-L) S-T-E-I-N (ok). Kern, K-E-R-N. Just
> Finklestein, Kern's fine.
> Yount Employer: Okay.
> FKSC: Okay, and may I ask who I'm leaving the message with?
> Yount Employer: This is Scott Bolton.
> FKSC: Okay, Mr. Bolton, I thank you so much. If you would just pass this message on to her, please sir.
> Yount Employer: I sure will.
> FKSC: Thank you. You have a great day.
> Yount Employer: You too.
> FKSC: Bye, bye.
> Yount Employer: Bye.

Also, FKSC used a "pre-recorded dialer" to call plaintiff's cellular telephone on December 17, 19, 26, and 31 and January 2 and 7. The record does not specify how FKSC obtained plaintiff's cellular telephone number.

On April 1, 2014, the plaintiff filed this lawsuit. She amended her Complaint on May 14, 2014, and alleges violations of the FDCPA and TCPA and "invasion of privacy by revelation of private financial information to third parties and by intrusion upon seclusion." Specifically, the plaintiff alleges that FKSC violated sections 1692b(1) and (3), 1692c(b), 1692e, 1692e(10), 1692d and 1692f of the FDCPA. The plaintiff further alleges that FKSC violated sections 227(b)(1)(A) and (b)(1)(A)(iii) of the TCPA.

## II. STANDARD OF REVIEW

The summary judgment standard is well settled. Summary judgment is proper where Athe pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.@ Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

3

U.S. 574, 587 (1986); *Nat=l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court=s role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat=l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party=s pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is Amerely colorable,@ or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

4

## III. ANALYSIS

### A. Whether defendant violated various sections of the FDCPA?

The defendant moves for summary judgment regarding causes of action under several FDCPA sections. Congress passed the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting 15 U.S.C. § 1692(a)). The Sixth Circuit has noted that the act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or *de minimis* violation. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). While § 1692e lists a number of examples of false or misleading representations, the text of the statute itself indicates that the examples are not meant to limit its prohibition on the use of false, deceptive or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. Likewise, § 1692f contains the same language, making clear that the examples set forth therein do not "limit[ ] the general application" of its prohibition on the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The Seventh Circuit recently observed that the phrase "unfair or unconscionable" used in § 1692f "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474 (7th Cir. 2007).

In assessing whether particular conduct violates the FDCPA, courts apply "the least sophisticated consumer" test to objectively determine whether that consumer would be misled. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992). The least sophisticated consumer test is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008)

5

(quotations and citation omitted).  In addition, "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Clark v. Lender Processing Svs.*, -- Fed. App. --, 2014 WL 1408891, at *6 (6th Cir. Ap. 14, 2014) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)).

The issues below are addressed applying this standard.  This is an objective test that asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them. *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011).  The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Colomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

### 1.  Sections 1692b(1), (3) and 1692c(b)

The plaintiff alleges that FKSC violated sections 1692b(1) and (3) and 1692c(b) when FKSC placed the telephone call to plaintiff's employer on December 13, 2013.  Section 1692b states in pertinent part:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> . . . .
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information[.]

6

15 U.S.C. § 1692b (2016). In addition, section 1692c(b) states:

> (b) Communication with third parties
>
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

§ 1692c(b).

FKSC argues that it is entitled to summary judgment for these alleged violations because the call does not qualify as a "communication" under the Act. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). The Sixth Circuit elaborated on this definition in *Brown v. Van Ru Credit Corporation*, 804 F.3d 704, 742 (6th Cir. 2015). The court stated, "To convey information regarding a debt, a communication must at a minimum imply the existence of a debt. Otherwise, whatever information is conveyed cannot be understood as 'regarding a debt.'" *Id*.

Here, similar to the case in *Brown*, the caller does nothing to reveal, either directly or indirectly, the existence of a debt. The caller merely reveals generic information. *Id*.; *see Brody v. Genpact Serv., LLC*, 980 F.Supp.2d 817, 819-21 (E.D. Mich. 2013); *Stewart v. Nathan & Nathan*, No. 2:12-cv-361, 2014 WL 977979, at *3 (E.D. Tenn. March 12, 2014). *But see Lee v. Robinson, Reagan & Young, PLLC*, No. 3:14-CV-0748, 2015 WL 328323, at *6-7 (M.D. Tenn. Jan. 26, 2015).[2] The caller identifies her employer and leaves a message for the plaintiff to return

---

[2] The plaintiff cited multiple cases in support. None were controlling authority. This Court has reviewed those cases and finds that they are distinguishable on their facts. The defendant provided an accurate summary in its

7

her call. She does state that her employer is a law firm and that the phone call is on a recorded line. Even still, this information does not indirectly imply the existence of a debt. Law firms handle many matters, so there is no indication that the call regards the collection of a debt. As such, FKSC's motion is GRANTED in this regard, and the plaintiff's motion is DENIED.

### 2. Section 1692d

The plaintiff also alleges that FKSC violated section 1692d based on the December 13, 2013 telephone call. Section 1692d states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

---

footnote, and the Court agrees with defendant's analysis on why they are factually distinguishable. *See* [Doc. 44, pg. 2-3 n. 1].

8

§ 1692d. The plaintiff does not specify a particular subsection. Thus, the Court must determine if the phone call was made in a harassing manner.

To determine whether the phone call was made in a harassing manner, the Court will use the "least sophisticated consumer" standard. *Barany–Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006)). As such, the Court must determine whether there is a genuine issue of material fact regarding whether the "least sophisticated consumer" would view the phone call as harassing, oppressive, or abusive.

To prevail under § 1692d, the consumer must establish that the content of the call was oppressive, and that the debt collector intended it to be. *See Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739, 741 (9th Cir. 1987), *cert denied*, 488 U.S. 875, (1988). To determine whether the debt collector intended to harass the consumer, courts consider the frequency, persistence, and volume of the telephone calls. *See Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2008 WL 618788, at *6 (S.D. Ohio March 3, 2008).

Here, there was only one call. The call did not indicate, directly or indirectly, that it regarded the collection of a debt. Therefore, there is no genuine issue of material fact whether the least sophisticated consumer would view this one phone call that only revealed generic information as harassing, oppressive, or abusive. Accordingly, the defendant's motion is GRANTED in this regard.

### 3. Section 1692e

The plaintiff alleges that FKSC violated section 1692e based on the December 13, 2013 telephone call. Section 1692e states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

> debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[.]

§ 1692e. The plaintiff alleges that the defendant violated this section in general and in specific subsection ten.

To determine whether defendant made false, deceptive, or misleading representations, the Court must use the "least sophisticated consumer" standard. *Barany–Snyder*, 539 F.3d at 33. Thus, the Court must decide whether the least sophisticated consumer would view the telephone call as false, deceptive or misleading. Again, there was only one phone call, and it only revealed generic information. There are no specific allegations that the contents of this phone call were false in any way. This generic information cannot be deceptive or misleading. As such, summary judgment is appropriate. Defendant's motion is GRANTED in this regard.

### 4. Section 1692f

The plaintiff alleges that FKSC violated section 1692f based on the December 13, 2013 telephone call. Section 1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . .

§ 1692f. Again, the plaintiff only makes a general allegation and does not refer to a specific subsection.

To determine whether defendant used unfair or unconscionable means to collect a debt, the Court must use the "least sophisticated consumer" standard. *Barany–Snyder*, 539 F.3d at 33.

10

Whether defendant engaged in "unfair or unconscionable means" depends upon the nature of the call. Again, there was just one call, and it was generic in nature. No specific or debt related information was disclosed. As such, summary judgment is proper. The defendant's motion is granted as to this claim.

### B. Whether defendant violated various sections of the TCPA?

The defendant moves for summary judgment regarding causes of action under two sections of the TCPA, namely sections 227(b)(1)(A) and (b)(1)(A)(iii). These sections state:

> (b) Restrictions on use of automated telephone equipment
>
> (1) Prohibitions
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> (i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
>
> (ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. §§ 227(b)(1)(A), (b)(1)(A)(iii).

11

There is no dispute of fact that FKSC made the six telephone calls to plaintiff's cellular telephone via an automatic telephone system.[3] The parties dispute whether the plaintiff was charged for these calls. In addition, the defendant argues that there can be no violation because plaintiff did not actually "receive" or "answer" these calls. The Court will address each issue in turn.

The Sixth Circuit has not definitively ruled on whether the last phrase, "or any service for which the called party is charged for the call," requires that the recipient of an automated call to a cellular telephone be "charged" for that call in order to state a claim under the TCPA when read with the rest of the statute. The defendant urges the Court to follow the United States District Court for the Western District of Michigan's ruling in *Miller v. Timothy E. Baxter & Associates, P.C.*, No. 1:14-CV-1117, 2015 WL 4922441, at *2 (W.D. Mich. Aug. 18, 2015). That court held that "[t]o state a claim for violation of the TCPA resulting from a telephone call made to a cellular phone, a plaintiff must allege: (1) the defendant placed the call; (2) the plaintiff was charged for the call; and (3) the call was placed using "an automatic telephone dialing system or an artificial prerecorded voice." *Id.* (citing *Patton v. Corinthian Colleges, Inc.*, No. 13-14814, 2014 WL 1118467, at *2 (E.D. Mich. Mar. 20, 2014)). However, the plaintiff argues that the Court should follow the Eleventh Circuit's reasoning in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256-1258 (11th Cir. 214). That court held that "charged for the call" modifies "any service" and not the entire list included in the subsection. *Id.*

The Court has reviewed all the cases cited by the parties. The Court finds the reasoning in *Osorio* more persuasive. *Osorio* actually analyzed this particular issue in great detail. The reasoning is thorough and sound. *Miller*, however, did not analyze the issue. It merely stated

---

[3] The Amended Complaint alleges FKSC made "at least four (4) telephone calls." [Doc. 7, ¶ 56]. The summary judgment motion filings establish six calls. The defendant even lists the exact dates of those calls in its filings. Thus, the Court will use six calls instead of four.

12

three elements (which included the "charged for" language) and quoted another Eastern District of Michigan case, *Patton v. Corinthian Colleges, Inc.*, No. 13-14814, 2014 WL 1118467, at *2 (E.D. Mich. Mar. 20, 2014). The *Patton* case likewise did not provide specific analysis of the exact statutory language at issue either. Moreover, the Sixth Circuit may have telegraphed how it would rule on this issue in *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 548 (6th Cir. 2015). Although *Hill* did not address the specific issue at hand, it stated generally:

> Congress passed the Telephone Consumer Protection Act in response to "[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes." *Mims v. Arrow Fin. Servs., LLC*, ––– U.S. –––, 132 S.Ct. 740, 744, 181 L.Ed.2d 881 (2012). The Act accordingly "restricts certain kinds of telephonic and electronic" communications. *Sandusky Wellness Ctr., LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 221 (6th Cir. 2015). For example, the Act prohibits any person from making "any call" to someone's cellphone "(other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii).

*Id*. The court in *Hill* used section 227(b)(1)(A)(iii) as an example and did not mention the "charged for" phrase as part of the analysis as relating automatic telephone dialing system calls to personal cellular telephones.

To be sure, the Court finds the analysis in *Osorio* persuasive and adopts that same reasoning as to analyzing this exact issue before it. As such, the Court holds that the "charged for" language does not apply to calls made via automatic telephone dialing systems to a personal cellular telephone.

Next, the Court must analyze whether the plaintiff must have received or answered the calls in order for defendant to have violated the Act. The Court finds the reasoning in *Fillichio v. M.R.S. Associates, Inc.*, No. 09-61629-CIV, 2010 WL 4261442, at *3 (S.D. Fl. Oct. 19, 2010),

13

persuasive of this issue, and the Court adopts that reasoning. Accordingly, this Court holds that the intended recipient need not have answered the calls. The act of placing the calls triggers the statute. *Id*.

In sum, there is no genuine issue of material fact that FKSC placed six calls via an automatic telephone dialing system to the plaintiff's cellular telephone, for which she was the intended recipient.[4] It matters not that she never actually received these calls. As such, Defendant FKSC has violated the TCPA six times. The plaintiff's motion for summary judgment is GRANTED in this regard.

The TCPA provides that a plaintiff who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this section may bring an action for statutory damages "for each such violation." 47 U.S.C. § 227(b)(3). The plaintiff is entitled to $500.00 for each violation. § 227(b)(3); *see Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630-632 (6th Cir. 2009) (defining "each such violation"). Here, the plaintiff does not seek treble damages. Because there were six calls, the plaintiff is awarded $500.00 for each call for a total of $3,000.00.

### C. Whether defendant invaded the plaintiff's privacy?

The defendant moves for summary judgment regarding plaintiff's cause of action that defendant allegedly invaded the plaintiff's privacy. The tort of "invasion of privacy" has been divided into four separate causes of action: (1) the unreasonable intrusion upon a plaintiff's seclusion; (2) the public disclosure of private facts; (3) false light; and (4) the appropriation of another's name or likeness for advertising or other business purposes. The Tennessee Supreme Court has only expressly recognized that a cause of action exists for false light and the

---

[4] The defendant does not argue on summary judgment or in response to the plaintiff's motion that the plaintiff gave her "prior express consent" to receive calls. Therefore, the Court will not address that issue.

14

unreasonable intrusion into a plaintiff's seclusion. *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.2d 383, 411–12 (Tenn.2002). The Amended Complaint appears to assert two types of invasion of privacy claims from the heading entitled "INVASION OF PRIVACY BY REVELATION OF PRIVATE FINANCIAL INFORMATION TO THIRD PARTIES AND BY INTRUSION UPON SECLUSION." [Doc. 7, pg. 15]. However, neither the Amended Complaint nor filings related to the summary judgment motion assert a claim for public disclosure. Instead, they focus on intrusion upon seclusion. As such, that is the only claim properly asserted, and the Court will only address that claim.

The Tennessee Supreme Court adopted the Restatement (Second) of Torts (1977), Section 652B, to define "unreasonable intrusion of seclusion of another." *Givens*, 75 S.W.3d at 41. It states:

> One who intentionally intrudes, physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Id*. Comment D to Section 652B states:

> There is likewise no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of the conduct to which the reasonable man would strongly object. Thus there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

Restatement (Second) of Torts (1977), Section 652B, Comment D. Accordingly, a plaintiff may have an actionable claim for intrusion upon her seclusion if she can demonstrate that phone calls made by debt collectors were made with "such persistence and frequency as to amount to a

15

course of hounding the plaintiff . . . ." This requires much of the same analysis that the court employed in determining whether there was a genuine issue of material fact regarding whether defendants made phone calls in a "harassing" manner in violation of 15 U.S.C. § 1692d. It is somewhat different, however, in regards to the number of calls. The plaintiff only alleged a section 1692d violation in regards to one phone call placed to the plaintiff's employer. Here, the allegation, the Court assumes, applies to that phone call and the six placed to the plaintiff's cellular telephone. However, the Amended Complaint does not specify which calls. It merely "incorporates by reference all of the paragraphs of this Complaint as though fully stated herein." [Doc. 7, ¶ 74]. Notwithstanding, this Court will analyze the claim as to all telephone calls.

Here, there is no genuine issue of material fact that the mere seven calls were made with such persistence and frequency as to amount to hounding. These calls were placed in December 2013, and January 2014. There are no allegations as to other calls. The plaintiff did not file suit until April 1, 2014. Thus, the record does not create an issue of fact as to the persistence and frequency of the calls, for there are only seven in two months and then none for three months thereafter. Summary judgment is GRANTED in the defendant's favor on this issue.

**IV. CONCLUSION**

For the reasons set forth above, defendants' Motion for Summary Judgment, [Doc. 36], is GRANTED IN PART AND DENIED IN PART. Similarly, the plaintiff's Motion for Partial Summary Judgment, [Doc. 40], is GRANTED IN PART AND DENIED IN PART. As stated above, the plaintiff is awarded $3,000.00 in statutory damages. A separate judgment shall enter.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE